Case No.

Plaintiff

v.

Defendant

Court Rm.

Dante' Corvette Stone

F I L E D
VANESSA L. ARMSTRONG, CLERK

AUG 12 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Todd County Detention Center, Greg Allen,

Kentucky Department of Corrections,

Ladonna Thompson, Et al

1:11 CV-126-R

MOTION FOR AN ORDER OF MANDATE

Comes the Plaintiff, Dante' Corvette Stone, Pro se on this the 30 th day of July,
2011 asking the presiding Court in the above-styled case issue an order of mandate
for the following:

1. An Unmonitored lap top computer equipped with internet access to a legal research
site.

The Plaintiff is an indigent Pro se litigate seeking compensation for several violations
committed against him by the Defendants. The Plaintiff is currently housed at the
Todd County Detention Center, which has no legal research facility what so ever. In
recourse T.C.D.C's Jailer Greg Allen assumes the responsibility of retrieving ~~report~~ legal
materials at the leisure of both his and the Todd County Commonwealth Attorney's offices
schedules. As Greg Allen is a named Defendant it is self-evident that he needs to be dis-
cluded from participation and ultimately control of ⅌'s drafting. To resolve this issue
The Plaintiff humbly request this Court order the Todd County Detention Center to
provide him a laptop computer with internet access to a legal research site that is
Unmonitored and to be kept in his cell at all times allowing him 24-hour access ⅌ that
~~which is~~ Unmonitored by the Defendant which would allow for an espionage
opportunity.

2. A secure telephone line

As a Pro se litigate there will be numerous instances during the course of this legal action ~~When~~ that the need to contact a licensed attorney for legal consultation will arise. To allow the Defendant to monitor conversations pretaining to the strategic fabrics of the Plaintiff's suit ~~agg~~ against him is tantamount sabotage that would give the defendant a noteably unfair advantage. Furthermore, the Plaintiff will need to place ^Calls to serveral to individuals who'll be needed fore para-legal style assistance; i.e. copies, mailings, exct ~~ep~~etra. The Plaintiff requests the court stipulate in it's order that, it he is not give a telephone to keep in his cell 24-hours, 7-days aweek while this action is pending, he shall have access to the telephone in his own cell, not to be watched or monitored, at any point during a 24-hour day upon request.

3. The Assignment of An Individual Housing Cell

Being an incarcerated individual burdens one with an unimaginable ~~a~~ ~~mount~~ amount of stress; the ~~Petitioner~~ ^Plaintiff has reported that his physical health and life has ~~been~~ ~~validate~~ placed in a more jeopordizing level by there being a "hit" placed on him by a T.C.D.C. Deputy. To force the plaintiff to operate at that level of stress while attempting to pursue justice through Pro se litigation ^would be biased and unreasonable. ~~h~~ The opportunity for distractions from both inmates and staff would be nearly eliminated by this request's granting; giving the Plaintiff the opportunity to give this action the time and focus it deserves. The Plaintiff requests the court stipulate in it's mandate that his ~~s~~ court ordered cell assignment is not to be handled as a "disciplinary segregation assignment." Disciplinary segregation includes controlled shower times, which could be used as a distraction and/or consteration tactic; denial of access to edible commissary, which would extremely increase the harshness of jails already deplorable conditions, the denial of access to the microwaves necessary to cook food and heat beverages; this goes hand in hand with denial of edible commissary; The restriction of

allowable property, the Plaintiff should be allowed absolutely every single article of property in his possession as if he were in general population, & his single cell assignment is a safegaurd not a punishment; The freedom from any ~~cert~~ and/or unreasonable ~~and~~ non-specified cell searches where-as disciplinary segregation cells are searched twice daily, these search are totally unnecessary and unreasonable ~~sum~~ under these circumstances; the Plaintiff should right fully be allowed to recreate & along with general population for a hour per day whether inside of T.C.D.C's core or in it's courtyard, while a single cell assigment inherently provides protection for the Plaintiff, he is not asking to be assigned to protective custody the purpose of isolated cell assignment is to provide an environment conducive to to productive legal work in pursoit of justice, The Plaintiff humbly requests the issues be specifically upheld in it's mandate to the defendants.

4.| The Plaintiff Be Provided With Secure Food and Beverage Products From A Nutoral Source Outside Of His Assigned Facility

The Defendant Greg Allen ~~as~~ refers to his supervising Kitchen officer as "Grandma". The T.C.D.C. Deputy who has attempted numerous times to have The Plaintiff assaulted, at times including weapons and gang attacks, has known T.C.D.C.'s Kitchen supervisor for nearly a decade and shares a personal relationship with her outside of their workplace, she also is allowed to move freely ~~outside~~ around Mr. Stone's food outside of his presence, ~~three of the four~~ All four of T.C.D.C.'s shift captians are named within the context of the actions against their employeer, There are several other ~~of~~ Deputies who've had negative incounters with the Plaintiff who are allowed to move about the T.C.D.C. Kitchen and food freely. It's an obvious perception to conclude that the Plaintiff feels threatened by several staff members at T.C.D.C.. With job security, possible criminal prosecutions, the jeopardizing of their Class-D state contract all at risk it is not unimaginable that a another attempt on the Plaintiff's life could be made via tampering with his food. The food a T.C.D.C. is prepared by inmates with ample opportunity to carry out dubious

actions; it is served by deputies who have just as much oppertunity. There was an unsolved incident where a known jail internaut found rusted staples in his food. The Plaintiff asks the court to issue a mandate to protect him from such dangers. Having take-out and delivery food handed personally to the Plaintiff from non-T.C.D.C. persons would assure his safety. The meals provided to him should be adherent to any nutritional standards that are currently ~~governing~~ required.

Based upon the forementioned the Plaintiff, Dante' C. Stone, Prose humbly request the court grant ~~this~~ the requested mandate to ensure his safety and the unhendered pursuit of justice.

Respectfully Submitted,

*Dante C. Stone*

Dante' C. Stone, Prose
Box 808 Elkton, Ky 42220

## AFFIDAVIT OF INDIGNACY

The Plaintiff, Dante' C. Stone, Pro se hereby swears that he is a indiegent Pro se litigate seeking to pursue justice through the Federal court system of these United States of America.

He is a detainee with no income or means to earn sufficient income. He does not own any assets; home, car, stock, bonds, jewelery, nor any assets of that nature.

Respectfully Submitted,

Dante' C. Stone

P.O. Box 808

Elkton, KY 42220



US District Court Clerks Office
601 W Broadway
Louisville, KY 40202

FILED
VANESSA L. ARMSTRONG, CLERK

AUG 12 2011

U.S. DISTRICT COURT
WESTN. DIST. KENTUCKY

Doyle C. Stone
P.O. Box 908
Elkton, KY 42220